## ROBERT L. CARRIER *vs.* MARY DONOVAN.

First Judicial District, Hartford, January Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The owner of an automobile is responsible for the negligence of his chauffeur while the latter is driving the car from his own home, whither he had been permitted by the owner or by his authorized agent to go for a meal, directly to the home of his employer where he had been told to report for further orders.

A daughter is not, simply by reason of the relationship, the agent of her mother to give orders to the latter's chauffeur. Authority from the mother to the daughter must be shown to create such agency, but that may be found either in an express direction of the mother, or as an implication from all the attendant circumstances.

In the present case the jury returned a verdict for the plaintiff, which involved a finding of the existence of such an agency upon the part of the daughter. *Held* that there was evidence before the jury upon which they might reasonably reach that conclusion.

Argued January 6th—decided March 5th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the chauffeur of the defendant in the management of her automobile in violation of the law of the road, brought to the Superior Court in Middlesex County and tried to the jury before *Curtis, J.;* verdict and judgment for the plaintiff for $3,500, and appeal by the defendant. *No error.*

*Herbert Knox Smith* and *Edward T. Canfield,* for the appellant (defendant).

*Gustaf B. Carlson* and *Charles W. Cramer,* for the appellee (plaintiff).

RORABACK, J.   This action was brought to recover damages claimed to have been sustained by the plaintiff

from a collision between the defendant's automobile and a wagon in which the plaintiff was riding. After the jury had rendered a verdict for the plaintiff, the defendant moved for a new trial upon the ground that the verdict was against the evidence. The denial of this motion is the only error assigned in the appeal.

The only question presented by the appeal is whether or not the defendant is liable for the negligent operation of the car at the time of the accident. The automobile which injured the plaintiff belonged to the defendant. It was used by the defendant and her daughter, Olive Donovan, about eighteen years of age, a member of the defendant's family, for their pleasure and convenience. When the plaintiff was injured the vehicle was being operated by one Howard Garforth, the regular chauffeur of the defendant. At this time Garforth had been so employed between two and three weeks. Garforth had driven the car about every week day during such employment, sometimes with Olive and Mrs. Donovan, and sometimes with Olive without Mrs. Donovan. About two o'clock in the afternoon on the day when the collision occurred, Olive and two other young women went to Southington with Garforth operating the car. Mrs. Donovan, before the party started for Southington, requested Garforth to be home again before dark. She did not see any one of the party again until after the accident. The party returned from Southington and reached Mrs. Donovan's place in Middletown about six o'clock. Mrs. Donovan at this time was visiting friends in South Farms, about two miles from her house. Olive's cousin, who had been one of the party on the ride to Southington, lived in South Farms. Garforth's home was about one and one quarter miles from the Donovan house, and he was allowed to go home for his meals. After returning from Southington, Garforth took the car for the purpose of going to his home for

his supper. After supper he started back with the car, over the most direct route to the Donovan house, and when he was about half way back the accident happened.

In addition to the above facts, which were conceded, the plaintiff offered evidence to show, and claimed to have shown, the following: Olive had acted as the agent of her mother, Mrs. Donovan, in hiring Garforth. Upon some occasions he had been directed as to the management of the car by Mrs. Donovan, but generally it was her custom to give her directions as to its use through Olive. Mrs. Donovan had instructed Garforth to take his orders as to the use of the car from Olive, in the absence of direct orders given by the defendant. On the return to the Donovan house from Southington on the evening in question, Olive directed Garforth to take the car to his own home and get his supper, and then report with the car at the Donovan house. On several occasions prior to this time Garforth had received similar directions, sometimes from Mrs. Donovan and at other times from Olive. Shortly after the accident the defendant stated that she always gave Garforth permission to take the machine home to get his supper.

The defendant offered evidence to discredit the testimony on behalf of the plaintiff that Olive, the daughter, gave Garforth directions to take the car home to get his supper, and to report at the Donovan house on his return. The defendant also offered evidence to disprove, and claimed to have disproved, the plaintiff's claim that Olive had acted as agent for her mother, that Garforth had ever been directed or permitted to take the automobile to get his meals, and that Mrs. Donovan had stated that Garforth had taken the automobile to get his meals with her permission and direction.

Although the evidence was conflicting, it was such as to warrant the jury in finding in favor of the plaintiff upon the facts in dispute.

Upon these subordinate facts, conceded and proven, the jury may have fairly reached the conclusion that Garforth, at the time of the accident, was the servant or agent of the defendant in such a sense as to make her responsible for his negligence. The general principles of law governing the liability of the master for the acts of the servant are embodied in the following statement: "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the instructions given, and the circumstances under which the act is done, the master is responsible; for the acts which are not within these conditions the servant alone is responsible." *Ritchie* v. *Waller*, 63 Conn. 155, 160, 28 Atl. 29; *Stone* v. *Hills*, 45 Conn. 44, 47; *Loomis* v. *Hollister*, 75 Conn. 718, 55 Atl. 561; *McKiernan* v. *Lehmaier*, 85 Conn. 111, 81 Atl. 969. It is not seriously claimed that Garforth did not have permission to take the car for the purpose of going to his supper. The defendant, however, denied that the evidence showed Olive had any authority to direct the chauffeur to stop at the Donovan house upon his return.

The mother was not liable for the action of the daughter simply because of the relationship between them. There must have existed an authority from the mother to the daughter to do the act, or a subsequent ratification of it, before responsibility attached to the parent. But the fact that Mrs. Donovan was not present when the daughter Olive directed the chauffeur to take the automobile to his home for his supper and then return with it to the Donovan house, was not decisive of the plaintiff's right of recovery. The authority for Olive to act in this matter may have been express, or

it may have arisen by implication from all the attendant circumstances. The act must have been performed by the daughter in pursuance of the undertaking authorized by the defendant before the latter could have been held liable. Such authority, however, may have been found in the actual presence of the mother, in her express or implied direction, or in a precedent course of conduct. *Smith* v. *Jordan*, 211 Mass. 269, 270, 271, 97 N. E. 761.

The jury may have inferred from the evidence that this direction to Garforth to return to the Donovan house with the automobile after he had his supper, was intended to facilitate the labor and service that he was to perform for the defendant, and that he was using the machine to further her interests when it collided with the plaintiff's wagon. When this direction was given, Olive's cousin, who had been one of the party on the trip to Southington, was at the Donovan house. This cousin lived at South Farms, about two miles distant from the Donovan house. At this time the defendant was at South Farms. It was reasonable to presume, as the plaintiff claimed, that the object of having Garforth take the car to get his supper and then return to the Donovan house was to take Olive's cousin home to South Farms and bring the defendant back to her residence.

If the jury were satisfied from the plaintiff's evidence, as they may have been, that Mrs. Donovan had instructed Garforth that in the absence of orders from her he was to take his directions as to the management of the car from Olive, and that it was generally the custom of the defendant to give directions as to the use of the car through her daughter Olive, these facts, under all of the circumstances disclosed by the record, clearly pointed out that the daughter had authority to give the chauffeur directions to stop at the Donovan house with the machine upon his return from supper.

Our rule governing the action of the trial court over verdicts is that the verdict should not be set aside where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and, on the other hand, should be set aside where the manifest injustice is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality. *Steinert* v. *Whitcomb*, 84 Conn. 262, 79 Atl. 675.

Upon the evidence presented the jury could have reasonably found that the rights of the plaintiff were the same as if the defendant had given the directions herself. The motion to set aside the verdict was therefore properly denied.

There is no error.

In this opinion the other judges concurred.