Devine v. Ward Baking Co., 188 Ill. App. 588,

plaintiff of such promise, plaintiff's allegations of her request to defendant to marry her and of his refusal to do so were admitted.

---

**John F. Devine, Administrator, Appellee, v. Ward Baking Company, successor to Ward-Corby Company, Appellant.**

**Gen. No. 19,367.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914. Rehearing denied October 19, 1914.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of William Lesak, deceased, against Ward Baking Company, successor to Ward-Corby Company, to recover damages for the wrongful death of plaintiff's intestate caused by being struck by an electric truck belonging to defendant. The plaintiff's intestate, who was eight years and nine months old, was playing in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the street at the time of the accident. Plaintiff had verdict and judgment for forty-five hundred dollars. To reverse the judgment, defendant appeals.

The declaration contained two counts. The first count alleged that defendant owned, operated and controlled a certain motor car, and by its servant and agent was operating the same over, upon and along Parnell avenue; that it became and was the duty of defendant in operating said car along said street to use all proper care and caution in the running of said car, so as not to injure persons on said street; that defendant did not regard its duty in that behalf, but on, etc., while plaintiff's intestate was lawfully on said street, and was in the exercise of proper care for his own safety, defendant, regardless of its duty in that behalf, carelessly, negligently and wrongfully ran, operated and managed said car in so careless and negligent manner and at a high and dangerous rate of speed, so that by reason thereof plaintiff's intestate was run into, against, knocked down and run over by said car in charge of defendant's servant and thereby so badly injured that he died immediately as a direct result of said injuries.

The second count was similar to the first count, and also further predicated a right of recovery on the alleged negligent failure of defendant's servant to give proper warning to persons on the street.

DUNCOMBE & BEHAN, for appellant; LOUIS J. BEHAN, of counsel.

GEORGE D. WELLINGTON and ROCKHOLD & BUSCH, for appellee; FRANCIS X. BUSCH, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. DEATH, § 50b*—*when evidence sufficient to show death resulted from injuries.* In an action for the death of a boy alleged to have been caused by being run over by defendant's motor truck in a public street, evidence *held* sufficient to show that death resulted from the injuries, where the identity of the boy was clearly established, and though the character and extent of the injuries were not shown, the evidence disclosed that he died within an hour after he was injured, and it also appeared that defendant's counsel in the examination of witnesses assumed that the boy was killed.

2. MASTER AND SERVANT, § 845*—*when act of driving motor truck is within scope of employment.* Where a servant was engaged to drive an automobile truck for a bakery over a certain route, and contrary to the instructions of his employer made a trip off his route to take a party home, and after having done so was returning to the bakery when he ran over a boy in the street, *held* that at the time of the accident the servant was driving the truck in the regular line of his employment.

3. AUTOMOBILES AND GARAGES, § 3*—*sufficiency of declaration to admit proof of driving on wrong side of street.* In an action for the death of a boy by being run over in a public street by defendant's automobile truck, *held* that the allegations of the declaration in respect to the negligent operation of the truck were sufficiently broad to admit proof in support of a substantive ground of recovery that at the time of the accident the defendant was driving on the wrong side of the street.

4. AUTOMOBILES AND GARAGES, § 3*—*when proof of driving on wrong side of street admissible.* In an action for the death of a boy by being run over by defendant's automobile truck in a public street, evidence that the truck was being driven on the wrong side of the street at the time of the accident, *held* properly admitted as bearing on the question of contributory negligence of the boy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.