DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1918.

Alice V. Heelan, by Patrick Heelan, Appellee, v. Max Guggenheim, Appellant.

## Gen. No. 23,207.

1. AUTOMOBILES AND GARAGES, § 3*—*when contributory negligence of person struck by automobile is question for jury.* In an action to recover for personal injuries received by one struck by an automobile as she was crossing the street after alighting from a street car, contributory negligence of plaintiff *held* a question of fact.

2. MASTER AND SERVANT, § 844*—*when master liable for tort of servant.* To render a master liable in tort for the act of his servant, it must be made to appear that the servant was, at the time of the tort, acting within the scope of his employment.

3. MASTER AND SERVANT, § 836*—*what must be shown to make master liable for torts of another as alleged servant.* To render one liable in tort for the act of another alleged to have been his servant, it is necessary to show that the tort-feasor was defendant's servant, that the relationship existed at the time of the injury and with respect to the particular transaction from which the tort arose.

4. MASTER AND SERVANT, § 845*—*when servant acting within scope of employment in driving automobile.* Where a chauffeur,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

after depositing his employer at his destination, drives the car to a moving picture theater, with his employer's consent, and, after attending the performance, commences to drive the car back to the garage, pursuant to the direct order of the employer, in thus returning he is acting within the scope of his employment and about the master's business, and the doctrine of *respondeat superior* applies so as to render the employer liable for injuries to a pedestrian struck by the automobile as the chauffeur was returning it to the garage.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918. Rehearing denied March 23, 1918. *Certiorari* denied by Supreme Court (making opinion final).

H. L. HOWARD, for appellant.

WILLIAM PRENTISS and EDWARD J. GREEN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant below from a judgment of the Circuit Court of Cook county entered upon the verdict of a jury in an action on the case.

The appellee while crossing 47th street in the City of Chicago at the corner of Shields avenue was struck by an automobile owned by appellant. The automobile was being driven east on 47th street by the chauffeur of appellant who was generally employed by him for the purpose of driving the car.

The defendant lived at 4749 Indiana avenue in the City of Chicago and his machine was kept in a garage at No. 59 East 47th street, near to his home. His place of business was the stockyards, some distance to the west.

On the evening in question the chauffeur some time between 7:30 and 8 o'clock drove defendant and his wife in the automobile from their home to 62nd street and Vernon avenue; this was in a southeasterly direc-

tion and about 2½ miles from defendant's home. At 62nd and Vernon defendant told the chauffeur to go back to the garage to be subject to call between 11 and 12 o'clock. The chauffeur asked defendant if he might go to a nickel show and defendant answered, "Yes, but be at the garage after 11 o'clock because I shall call you there." The chauffeur left the defendant and turned the car west on 63rd street and drove to Halsted street, some 2 miles west, where he entered a moving picture show. He left the picture show about a quarter after 10 o'clock and turned north on Halsted street at 47th street, then east on 47th street for the purpose of going to the garage. While he was so driving the accident occurred. The chauffeur testifies that he was going at the time of the accident at about the rate of 16 or 17 miles per hour. The testimony for the plaintiff indicates that he was going at about 30 miles per hour.

About 200 feet west of the place where the accident occurred is a culvert where the Pennsylvania railroad tracks cross 47th street and the street there is depressed. At the crossing of 47th street, Shields avenue is not in a direct line north and south, that part of the avenue north of 47th street being about 5 feet further west than the same avenue south of 47th street. An arc light was on the northeast corner of Shields avenue and 47th street.

Plaintiff testified that she had taken a westbound 47th street car to go to her home, which was south of 47th street on the west side of Shields avenue. The car stopped on the north side of 47th street on the east side of Shields avenue, which was its usual stopping place. She walked south, crossing 47th street, and when between the rails of the eastbound track was hit by the automobile and dragged from 20 to 30 feet.

Appellant argues that plaintiff was guilty of contributory negligence which would bar her recovery, but it seems clear to us that this question was for the

jury. The real point in the case is that raised by the special plea which set up that "the said defendant did not control. and operate by his said servant and agent an automobile at the time and at the place as plaintiff has alleged in her said declaration."

That in order to make a master liable in tort for the acts of his servant, it must be made to appear that the servant at the time of the alleged tortious act was acting within the scope of his employment, is elementary and needs no citation of authority. The difficulty arises in determining when the servant is and when he is not acting within the scope of such employment.

In order to make the master liable it is necessary to show: First, that the tort-feasor was the servant of the defendant; second, that such relationship existed at the time of the injury; and third, that such relationship existed with respect to the particular transaction from which the tort arose. *Johanson v. William Johnston Printing Co.*, 263 Ill. 236.

Appellant relies on *Brinkman v. Zuckerman*, 192 Mich. 624, 159 N. W. 316. In that case the defendant was driven by his chauffeur to a certain place on Brush street, and when the defendant alighted told the chauffeur to return for him at 12 o'clock. No further orders were given. The chauffeur drove to his own residence about three-quarters of a mile away and learning there that his wife had gone to the home of her father on another street drove there, about 3 miles from Brush street. He remained there for some time and then started back to keep his appointment with defendant. On the way he took in three men as passengers, intending to carry them to a destination not on his route back to Brush street. On the way he ran across a sidewalk crashing into plaintiff's store. The trial court directed a verdict for defendant which was sustained by the Supreme Court of Michigan on the theory that the chauffeur was not, at

Heelan v. Guggenheim, 210 Ill. App. 1.

the time, acting within the scope of his employment. The court in its opinion said: "There certainly was no proof of any express consent by defendant that the chauffeur might use the car to visit his father-in-law, nor do the proofs tend fairly to show any implied consent."

In the instant case there was not only evidence from which the consent of the defendant to the trip to the theater might be implied, but it clearly appears that defendant gave his express consent thereto.

Without deciding whether the chauffeur's deviation to attend the theater with his employer's consent and for his own pleasure was such a departure as to take the driver outside the scope of his employment, we are disposed in conformity with the rule announced in *Devine v. Ward Baking Co.*, 188 Ill. App. 588, to hold that upon his beginning the return journey to the garage, in pursuance of the direct order of the master and in furtherance of the master's business, he was within the scope of his employment, and the doctrine of *respondeat superior* therefore applied. The judgment will be affirmed.

*Affirmed.*