## DOMINICK ADOMAITIS *vs.* SAMUEL E. HOPKINS.

Third Judicial District, New Haven, June Term, 1920.

PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

A chauffeur, having driven his employer to the home of a friend several
miles distant to spend the evening, instead of waiting there for his
master as was customary, requested his permission to return to
town to finish some shopping and to be with his wife who was afraid
in thunderstorms, one of which was then approaching; and this
request was granted. While so returning to town the chauffeur
collided with the horse and wagon of the plaintiff, and the latter
sought to recover damages therefor of the defendant. *Held* that at
the time of the acciden, the chauffeur was engaged upon his own
personal business and not that of his master; that the latter was
consequently not responsible for the chauffeur's negligence, and the
jury were properly directed to return a verdict for the defendant.

Argued June 3d—decided July 20th, 1920.

ACTION to recover damages for injuries to the person
and property of the plaintiff, alleged to have been
caused by the negligence of the defendant's chauffeur
and agent while acting within the scope of his employ-
ment, brought to the Superior Court in New Haven
County and tried to the jury before *Kellogg, J.;* by
direction of the court the jury returned a verdict for
the defendant, from the judgment upon which the
plaintiff appealed. *No error.*

The plaintiff's injuries for which recovery is sought
in this action were sustained as a result of a collision
between a horse and wagon driven by the plaintiff and
the defendant's automobile operated by one Jermainne,
the defendant's chauffeur and its sole occupant. The
uncontradicted evidence offered on behalf of each of
the parties established the following facts touching the
relations of the chauffeur and the defendant: The
former was employed generally as the latter's chauffeur

and had been so employed for some two and a half years. As such employee he was subject to the defendant's call at all hours. During the late afternoon or evening of Saturday, July 14th, 1917, he was summoned to take the defendant and his wife from their home in Naugatuck to the summer home of a friend in Middlebury, some five or six miles distant. When they arrived at their destination it had begun to rain and a thunderstorm was imminent. After Mr. and Mrs. Hopkins had alighted, the chauffeur asked of Mr. Hopkins permission to return to Naugatuck instead of waiting until the latter and Mrs. Hopkins should finish their call, as in the regular course he would have been expected to do. The reasons assigned by the chauffeur for this request were that he wished an opportunity to finish his Saturday night shopping, which he had not completed, and furthermore desired to go home to be with his wife during the approaching thundershower, as she was afraid of them. Mr. Hopkins gave his consent, telling the chauffeur to return for him at eleven o'clock. It was on the trip back to Naugatuck and during the storm that followed the chauffeur's departure that the accident happened.

*Clayton L. Klein,* for the appellant (plaintiff).

*William B. Ely,* with whom was *Edmund Zacher,* for the appellee (defendant.)

PER CURIAM. Only one of the six reasons of appeal is pursued in the brief of the appellant's counsel. That one complains of the court's direction of a verdict for the defendant.

The court directed the verdict upon the ground that at the time of the accident the chauffeur was not engaged in the performance of his master's business or

acting within the scope of his employment.  In this it was correct.  The moment that Jermainne started from Middlebury to go back to Naugatuck he ceased, for the time being, to be in the pursuit of his employment, and from that time on was engaged only in matters which concerned himself and his personal interest alone.  He did not make the return trip either because he was expressly ordered to go back or was under an implied direction to do so by reason of such procedure being either the natural, ordinary, or normal course for him to pursue in the execution of his master's business under the circumstances, or the course which had received the master's general approval as a method of executing that business.  Quite the contrary was the fact.  Actuated by special and unusual reasons entirely personal to himself, he wished and asked for the defendant's permission to do the unusual thing, and received it.  As he proceeded on his way, he was not engaged in an attempt to execute any business of his master's or to advance any interest of his.  No single thing that he was attempting to accomplish was within the scope of his employment or incidental to it.  The conditions precedent to a master's responsibility for the consequence of his servant's negligence have been repeatedly defined by us.  *Stone* v. *Hills*, 45 Conn. 44, 47; *Ritchie* v. *Waller*, 63 Conn. 155, 160, 28 Atl. 29; *Carrier* v. *Donovan*, 88 Conn. 37, 40, 89 Atl. 894.  Clearly these conditions were not shown to have been satisfied in the present case, and so clearly was this true that the court but did its plain duty in so declaring and directing a defendant's verdict for that reason.  *Ritchie* v. *Waller*, 63 Conn. 155, 160, 28 Atl. 29; *Schrayer* v. *Bishop*, 92 Conn. 677, 679, 104 Atl. 349.

There is no error.