JOSEPH MASTRILLI *vs.* HENRY HERZ (BERTHA HERZ, EXECUTRIX).

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and HAINES, Js.

It is a general rule that an employer is not liable for injury or damage caused by the negligent operation of his automobile while it is being used by an employee for the latter's own business or pleasure, and not in the master's business, although the owner has consented to such use.

Considerations of public policy have, however, influenced many courts, including our own, to hold that when the owner of an automobile has given an employee permission to use the car for a specific purpose of his own, with an express or implied direction to return the car to a particular place in order to continue his services to the master, then, while the employee is returning the car to such place, he is engaged in the master's business within the scope of his employment.

This rule has been applied in some jurisdictions to situations in which the servant was in the act of returning to his normal duties after a deviation or departure from the scope of his employment.

In the present case, the defendant kept his automobile at a public garage in New Haven where it was the duty of his chauffeur to remain, while the car was not in use, to receive his master's orders. On the day in question the defendant gave the chauffeur permission to drive the automobile to Fair Haven on an errand of his own, and while returning to the garage the chauffeur negligently injured the plaintiff. *Held* that it was error for the trial court to grant a judgment of nonsuit.

Argued April 9th—decided June 2d, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant while acting within the scope of his employment, brought to the Superior Court in New Haven County where the plaintiff was nonsuited in a trial to the jury before *Hinman, J.*, and from the refusal of the court to set aside such judgment the plaintiff appealed. *Error, judgment set aside and new trial ordered.*

Prior to the trial the original defendant, Henry Herz, died, and his executrix was cited in as the sole defendant; to this citation she demurred, upon the ground that the original cause of action did not survive the death of her testator, and this demurrer was overruled (*Brown, J.*).

*Charles S. Hamilton* and *William J. Carrig*, for the appellant (plaintiff).

*Samuel E. Hoyt*, for the appellee (defendant).

CURTIS, J. The evidence presented by the plaintiff tended to prove these facts: The plaintiff while walking on Chapel Street, New Haven, and while in the exercise of due care, was struck and injured by an automobile owned by the defendant's testator, Henry Herz, which was then being negligently driven by his chauffeur, one Abel. Abel had been in the employ of Herz as chauffeur for several years, and the automobile was kept in a public garage on Bradley Street. While not engaged in driving for Herz, it was the duty of Abel to remain at the garage to receive and obey any orders Herz might desire to give.

On the day of the accident Abel had driven Miss Herz on a shopping trip in the morning and had returned the car to the garage about half past eleven.

Herz was accustomed to order the car from the garage for an afternoon ride from one-thirty to two o'clock daily. Abel had received permission from Herz to use the car to go to a garage in Fair Haven to obtain a timer for a Ford car owned by a brother of Abel. On the day in question, in pursuance of this permission, Abel drove the car from the Bradley Street garage about twelve-fifteen at noon to the garage in Fair Haven, and learned that he could not get a timer there. He then started to return to the Bradley Street

garage in ample time to arrive there before one-thirty in order to be ready to obey Herz's customary orders.

The court upon these facts granted the defendant's motion for a judgment as of nonsuit, and refused to set the judgment aside.

The plaintiff claims that this was erroneous; that upon the facts proved the plaintiff had established a prima facie case. The mere fact that the master had given the chauffeur permission to so use the car does not of itself create a liability of the master during the period of such permissive use. The permission made the chauffeur a licensee of the car, during the trip to the Fair Haven garage. It is generally well settled that the employer is not liable for injuries or damage caused by the negligent operation of his automobile while it is being used by an employee for his own business or pleasure, and not in the master's business, although the owner has consented to such use. *Adomaitis* v. *Hopkins,* 95 Conn. 239, 111 Atl. 178; 22 A. L. R. p. 1400, and cases cited. If the collision had occurred while Abel was driving to the Fair Haven garage, there would have been no question under our law but that on that trip he was not engaged in the master's business within the scope of this employment. *Adomaitis* v. *Hopkins, supra.*

The question presented to us is whether the evidence introduced by the plaintiff tends to prove the essential allegations of the complaint. The trial court was of the opinion that it did not, because it held that the chauffeur was using the defendant's car with the owner's permission at the time of the collision, and was not engaged in the owner's business. The defendant claimed that the court erred in so holding, because the law as established in this State, when applied to the evidence introduced, discloses that the chauffeur was engaged in the master's business within the scope of

his employment when the collision occurred. In other words, he claimed that the collision occurred when the chauffeur, after the execution of the specific purpose of his own for which the owner had permitted him to use the car, was returning it to the garage under an implied direction of the owner, and hence was then engaged in the master's business. We are of the opinion that, under the law, the chauffeur was then engaged in the master's business. In *McKiernan* v. *Lehmaier*, 85 Conn. 111, 81 Atl. 969, the defendant's chauffeur had driven the defendant to a theater and had received permission to use the car to go to a barber shop, with directions to return to the theater at nine-thirty, and on his return trip he negligently collided with and killed McKiernan, the plaintiff. Of that situation we said (p. 116): "In the case before us the servant, with the knowledge and consent of his master, left him with his motor vehicle to engage in a matter personal to the servant for a limited period. The services of the day in which the servant was engaged had not been completed when the accident happened. He was not then wholly at liberty from his master's engagement and pursuing his own business exclusively. . . . The accident occurred when the private business of [the servant] had been completed, and he was operating the defendant's automobile back, over the road which he had previously traveled, for the purpose of discharging the duty for which he was employed and intended to perform," and "was not engaged in an affair of his own, but was attending to the business of the defendant in the scope of his employment."

In the instant case the chauffeur had implied orders to return the car to the garage when his private business was completed; he was operating the defendant's car back to the garage for the purpose of discharging the duty for which he was employed and intended to

perform when the collision occurred, and was not then engaged in an affair of his own, but was attending to his master's business. The fact that the chauffeur on his return, in the instant case, intended to await his master's orders at the garage instead of in front of a theater, does not essentially differentiate this case from *McKiernan* v. *Lehmaier,* 85 Conn. 111, 81 Atl. 969. See also, *Carrier* v. *Donovan,* 88 Conn. 37, 89 Atl. 894; *Shea* v. *Hemming,* 97 Conn. 149, 115 Atl. 686.

In many jurisdictions a like rule of law has been established substantially to the following effect: When an owner of an automobile has given an employee permission to use the car for a specific purpose of his own, with an express or implied direction to return the car to a particular place in order to continue his services to the master, and when the employee has used the car and accomplished the specific purpose of his own at a point some distance from the place to which he was expressly or impliedly directed to return the car, then while he is returning the car to such place he is engaged in the master's business within the scope of his employment. 22 A. L. R., p. 1409, § VII, and cases cited. In *Graham* v. *Henderson,* 254 Pa. St. 137, 98 Atl. 870, this rule was recognized as the law in that jurisdiction. That case presented to the appellate court the question whether a verdict for the plaintiff could stand when based on the following facts: The defendant and family had been driven by his chauffeur from his home to a hotel, where they were to spend the evening; when they arrived at the hotel the defendant gave his chauffeur permission to make a visit, in the car, to his brother in another part of the city, and directed him to return before twelve o'clock, in order to take himself and family home. The chauffeur drove to his brother's home, and not finding him there, started to return to the hotel and on his way there negligently ran into

and injured the plaintiff. The court ruled that while the chauffeur was driving to his brother's home he was a licensee of his employer, and the relation of master and servant was suspended. The court then continued (p. 139): "Was the relation resumed at once upon his accomplishing his visit to his brother, and was the chauffeur thereafter in making his return drive acting as servant, performing a duty he owed the master because of the relation? or was he still a licensee of the car? We are of the opinion that the license . . . expired when the visit to the brother was accomplished, and that on the return drive, when the accident happened, the chauffeur was acting not on his own but on his master's business." The verdict was therefore permitted to stand. See also, *Heelan* v. *Guggenheim,* 210 Ill. App. 1; *Fisick* v. *Lorber,* 159 N. Y. Supp. 722.

The fact that an automobile is a dangerous instrumentality and that the permitting an employee to use it for his own purposes is in the nature of a use for family purposes, has influenced the courts for reasons of public policy to construe strictly the extent of the license involved in such permissive use of an automobile by an employee.

The instant case does not present any question of deviation or departure, but it is suggestive to note that the principle of law involved in *McKiernan* v. *Lehmaier* and *Graham* v. *Henderson, supra,* have been applied to a servant returning to his normal duties after a deviation or departure. *Riley* v. *Standard Oil Co.,* 231 N. Y. 301, 132 N. E. 97; *Cummings* v. *Republic Truck Co.,* 241 Mass. 292, 135 N. E. 134. The court erred in entering judgment as of nonsuit.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.