ALICE K. WHITEMAN *vs.* AL'S TIRE AND SERVICE GARAGE, INC., ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued June 8th—decided July 19th, 1932.

*Michael V. Blansfield* and *John E. Whalen,* for the appellant (plaintiff).

*Walter E. Monagan,* for the appellee (defendant Al's Tire and Service Garage, Inc.).

AVERY, J. The plaintiff brought this action to recover damages for injuries which she claimed to have received in a collision between two automobiles about seven-thirty o'clock in the evening of December 4th, 1930. The plaintiff was riding in a car owned by her husband and driven by him in a southerly direction on Watertown Avenue in Waterbury, when a collision occurred between that car and one owned by the defendant, Al's Tire and Service Garage, Inc., then operated by the defendant William Genest, one of its employees. The action was brought against the defendant owner and Genest, the driver of the car. At the conclusion of the testimony, the court directed a verdict in favor of the defendant Al's Tire and Service Garage, Inc., and proceeded with the jury, to assess damages against the defendant Genest, who had failed to appear, and against whom judgment had been entered by default. There was evidence from which the jury might have found negligence on the part of Genest, but the ground upon which the court directed the verdict in favor of the defendant Al's Tire and Service Garage, Inc., was that the plaintiff had failed to show that the other defendant, Genest, was acting as the agent or servant in the business of his employer at the time of the accident. The propriety of the

court's action in directing the verdict is the principal question involved upon this appeal.

Taking the view of the evidence most favorable to the plaintiff, the jury might reasonably have found that at the time of the accident, and for a long time prior thereto, the defendant Al's Tire and Service Garage, Inc., was engaged in the business of selling and repairing automobile tires and servicing automobiles. In the conduct of its business, the corporation had several employees, and owned and used several automobiles, including a La Salle, which was being driven by Genest at the time of the accident. The defendant's main establishment was on West Main Street in Waterbury. Aloysius Demerske was the defendant's general manager, and had direct supervision of the conduct of the business, and general control of the employees connected therewith. William Genest, who operated the automobile at the time of the accident, was employed by the defendant corporation as a general utility man. His hours of employment were sometimes during the day, sometimes at night, and sometimes both day and night. The general manager at times required the employees of the company, including Genest, to work overtime. The company, upon special permission, occasionally allowed the use of the La Salle automobile to the employees including Genest, because it thereby desired to improve the spirit of the employees so that they would feel better disposed to work overtime, when requested. December 3d, 1930, Genest commenced work at seven o'clock in the evening, and worked continuously until tenthirty in the morning of December 4th, which included overtime work. On the latter day, he requested of the manager, and obtained from him, permission to use the La Salle car in order that Genest could take his wife and baby to Watertown. He obtained the car

at three-thirty in the afternoon of December 4th, and went directly to Cheshire, which is in the opposite direction from Watertown. Later that day, he returned from Cheshire to Waterbury, where he joined his wife and child, and started for Watertown, when the collision occurred. The manager of the defendant corporation permitted Genest to use the La Salle car on December 4th for the purpose of improving his spirit so that when requested to work overtime again, he would feel better disposed to do so.

It is well settled in our decisions that an employer is not liable for injuries or damage caused by the negligent operation of an automobile when it is being used by an employee for his own business or pleasure, and not in the master's business, although the owner has consented to such use. *Adomaitis* v. *Hopkins,* 95 Conn. 239, 241, 111 Atl. 178; *Mastrilli* v. *Herz,* 100 Conn. 702, 704, 124 Atl. 835. The appellant does not question this general principle, but claims that because the defendant's manager thought that Genest's spirit would be improved and he would be willing to work overtime if allowed to use the defendant's car for the purpose of driving his wife and daughter to Watertown, the business of the employee in so driving his wife and child became the business of the employer.

The plaintiff places great reliance upon *Ackerson* v. *Jennings Co., Inc.,* 107 Conn. 393, 397, 140 Atl. 760. The facts of that case, however, were essentially different from those involved in this case. In the *Ackerson* case, there was evidence from which the jury might have found that the general manager of a plant of the defendant company for the sale and repair of automobiles gave a dinner to the employees of the company for the purpose of showing his own and the company's appreciation for their services, and while an employee, at the direction of the manager, was trans-

porting two other employees home after the dinner in one of the company's cars, the accident occurred. A verdict was directed for the defendant on the ground that it was not shown that the car was being operated upon the defendant's business at the time of the accident. We held this to be error, as it appeared from the written invitation given to the employees for the dinner, and from the remarks of the superintendent thereat, that there was some evidence to go to the jury from which they might have found that the dinner was intended principally to promote legitimate and important interests of the defendant, such as harmony, cooperation and good will amongst its employees; but we were careful to indicate that if the jury should find that the entertainment was merely the private affair of the manager, the employer would not be liable.

In the instant case, however, the car was loaned to Genest by the defendant company for a business wholly his own—to take his wife and child to Watertown. The fact that the manager of the company was actuated to lend the car by the belief that Genest's spirit toward the company would be improved and he would be more willing to work overtime if required, does not make the business in which Genest was engaged at the time of the accident the master's business. Of course, whenever an automobile is loaned by one person to be used by another, it is reasonable to suppose that the person loaning the same expects that the favor will be appreciated; or, as it is stated in *Stenzler v. Standard Gas Light Co.*, 179 App. Div. 774, 776, 167 N. Y. Sup. 282, 284, affirmed 226 N. Y. 681, 123 N. E. 891: "An owner who gratuitously loans his car to a servant . . . for such person's own particular pleasure, presumably has interest in the pleasure and, inferentially, in the good health and spirits of such other person. And yet it cannot be doubted that such

particular pleasure is not thereby made the employer's business in any legitimate sense of the words. The test of the employer's liability is such employer's business as distinguished from the employee's business or pleasure in using the car." As there was no evidence produced from which the jury, as reasonable men, could have concluded that the car was being used in the business of the defendant Al's Tire and Service Garage, Inc., at the time of the accident in question; but, on the contrary, was being driven by Genest for his own purpose, the court did not err in directing a verdict in favor of the employer.

In the course of the trial, the plaintiff introduced the report of the accident made to the motor vehicle department by Genest. It was admitted as against Genest but, upon objection, was excluded as to the employer. This ruling was manifestly correct. Until the agency had been proved, the statements of an agent are not admissible against a principal. *Voegeli* v. *Waterbury Yellow Cab Co.*, 111 Conn. 407, 411, 150 Atl. 303; *Metropolitan Cleaners & Dyers, Inc.* v. *Tondola*, 114 Conn. 244, 246, 158 Atl. 240.

There is no error.

In this opinion the other judges concurred.