Lois M. COBB, Individually and as Executor of the Will of Russell E. Cobb, Deceased, Plaintiff-Appellant,

v.

Robert KUMM and United States of America, Defendants-Appellees.

No. 15503.

United States Court of Appeals
Seventh Circuit.

Aug. 8, 1966.

Albert H. Manus, Jr., Manus & Korf, Freeport, Ill., for plaintiff-appellant.

Morton Hollander, Chief, Appellate Section, Walter H. Fleischer, Atty., John C. Eldridge, Atty., U. S. Dept. of Justice, Washington, D. C., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., John W. Douglas, Asst. Atty. Gen., Washington, D. C., for defendants-appellees.

Before KNOCH, KILEY and MAJOR, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff and her husband, since deceased, sued Kumm in a diversity personal injury action to recover damages for injuries suffered when Pfc. Kumm, a United States soldier, drove his car into the rear of plaintiff's automobile at a stoplight in Freeport, Illinois. Later the United States was joined as a defendant under the Federal Tort Claims Act [1] under allegations charging vicari-

---

1. 28 U.S.C. § 1346 provides:
   the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any *employee* of the Government while *act-*

ous liability of the United States as Kumm's principal. The court entered summary judgment for the United States and dismissed it from the suit. Plaintiff has appealed from the order of dismissal,[2] and we affirm.

The issue is whether under Illinois law the United States, "if a private person,"[3] would be liable for the negligence of Kumm causing injury to plaintiff while on the last day of a fifteen day "leave" in transferring from his post in Denver, Colorado, to a post in Chicago, Illinois, driving his own car with military allowance for gasoline and rations at the time.[4] This is an issue of law, on undisputed evidence.

Plaintiff contends that Kumm's purpose was to report to duty in Chicago, that he was actually proceeding to that post at the time of the accident, and that notwithstanding he was on leave, he was acting "within the scope of his employment" when plaintiff was injured. She cites for this contention Heelan v. Guggenheim, 210 Ill. App. 1 (1918) and Devine v. Ward Baking Co., 188 Ill. App. 588 (1914). The *Heelan* decision rested squarely upon the rule in *Devine*. Both sustained vicarious liability where the employee was returning to duty after a deviation from the course of his employment. We think these cases are distinguishable because in *Heelan* the chauffeur, and in *Devine* the truck driver, admittedly were driving their employers' vehicles, thus giving rise to the presumption in Illinois law that they were acting in the scope of their authority. That presumption does not operate in plaintiff's favor with respect to Kumm since he was not driving a United States automobile.

The district court correctly decided that the Illinois courts would apply the rule which the Illinois Appellate Court expressed negatively in dictum in Hogan v. City of Chicago, 319 Ill. App. 531, 49 N.E.2d 861 (1943). There the injury for which the city was held vicariously liable occurred while the city employee, driving his own car, with approval of his superior, was on his way from the city's central assignment place to the truck on which he was to work. The court observed that if the injury occurred while the employee was driving his car directly from his home to the truck, no liability would attach to the city because the employee would have been driving his car solely for his own convenience. In other words, at the time of the injury the employee had already reported to his employer's assignment center and been assigned to the truck to which he was driving and consequently the employer-employee relationship was in existence.

The rule implied, if not expressed, in *Hogan* was applied in Burster v. National Refining Co., 274 Ill. App. 104 (1934), and Rupp v. Walgreen Co., 270 Ill. App. 346 (1933), in each of which liability was denied because the injury occurred during a period in which the employee was on his own time—in *Burster* on his way home from a sales meeting in an-

*ing within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.* (Emphasis added.)

28 U.S.C. § 2671 defines the terms "employee of the Government" (includes a member of the military forces) and "acting within the scope of his office or employment" in the case of a member of the military forces (acting in line of duty).

28 U.S.C. § 2674 provides that the United States is liable in tort claims cases "in the same manner and to the same extent as a private individual under like circumstances."

2. The district court under Rule 54(b) directed the entry of the judgment as final.

3. 28 U.S.C. § 1346(b).

4. United States v. Williams, 350 U.S. 857, 76 S. Ct. 100, 100 L. Ed. 761 (1955) (per curiam).

other city, and in *Rupp* on his way home from work for his dinner hour. In each the court held that during this time the relationship of employer and employee was not in existence. This court's comment in Voytas v. United States, 256 F.2d 786, 789 (7th Cir. 1958), on Illinois law is to the same effect. See also Restatement (Second), Agency § 239, comment *b*, illustration 4 (1958).

By analogy to *Hogan*, had plaintiff been injured after Kumm had reported at his post in Chicago and while in his employment, the United States would be liable. Since he was on his way to report, the employer-employee relationship was not in existence when the injury occurred. The United States was unconcerned as to how the employee reached the employment post, and had no control over the means or course of his travel. Kumm came part way from Denver on bus, and part driving his own car. There was no convenience to the United States whatever mode of travel he used, but only his convenience. He was on leave, on his own time, and until he reported to his Chicago post the United States was not responsible for his negligence.

■ We hold that because Kumm was driving his own car for his own convenience on his way to his Chicago post to be assigned his duties, while not under United States control, there was at the time of the collision no employer-employee relationship between him and the United States rendering the United States liable for his alleged negligence.

■ We have considered the other point [5] made by plaintiff, but deem it unnecessary to discuss it.

Affirmed.

---

5. Plaintiff argues that Kumm was on "travel status" and "duty status" at the time of the injury, and in "line of duty." But the term "line of duty" cannot in this tort case be used in a broader meaning than "scope of employment." United States v. Campbell, 172 F.2d 500, 503 (5th Cir.), cert. denied, 337 U.S. 957, 69 S. Ct. 1532, 93 L. Ed. 1757 (1949). Plaintiff also states that even if his status was "leave," it makes no difference on the facts here under Illinois law.