**BADGER STATE MUTUAL CASUALTY COMPANY, a Wisconsin Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**
and
**Government Employees Insurance Company, Intervening Defendant.**

**Civ. A. No. 72–C–514.**

United States District Court,
E. D. Wisconsin.

Nov. 7, 1974.

Morton J. Schmidt, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Steven C. Underwood, Asst. U. S. Atty., Milwaukee, Wis., and Ignazio J. Ruvolo, Trial Atty., Dept. of Justice, Washington, D. C., for defendant.

Terrance E. Davczyk, Milwaukee, Wis., for intervening defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a subrogation action arising out of an automobile accident which occurred in Zion, Illinois, on November 29, 1971. The accident occurred when a vehicle driven by plaintiff's insured, Lawrence L. McClure, collided with an automobile driven by James W. Neely. At the time of the accident, Mr. Neely was a member of the United States Navy and was traveling with his family in his privately-owned automobile to San Diego, California, to assume a new permanent duty station, pursuant to orders issued by the Navy.

As a result of the accident, plaintiff Badger State Mutual Casualty Company was required to pay to McClure, it's insured $1,113.78 under the medical payments and collision coverage parts of an automobile liability policy which it had issued to McClure.

By virtue of the first party payments and the consequent subrogation rights, plaintiff, invoking the exclusive jurisdiction of the district court pursuant to 28 U.S.C. § 1346(b), commenced an action in this court against the United States of America, alleging that James Neely was operating his vehicle as an employee of the United States and within the scope of that employment. Thus plaintiff alleges that the United States is liable to it by virtue of the provisions of the Federal Tort Claims Act. 28 U.S.C. § 1346 (b).

Simultaneous with the commencement of this action, plaintiff commenced a state court action against Government Employees Insurance Company (hereinafter "Government Employees") which had issued a private automobile liability policy to James Neely. Exclusion (k)

under the liability coverage portion of the policy issued by Government Employees to Neely provided:

"Exclusions: This policy does not apply under Part I:

\* \* \* \* \* \*

"(k) to the following insureds (1) the United States of America or any of its Agencies, or (2) any person, including the named insured, if protection is afforded such person under the provisions of the Federal Tort Claims Act."

Thus, if Neely is covered by the Federal Tort Claims Act, there is no coverage provided by the policy issued by Government Employees.

Subsequent to the commencement of these two actions, the parties agreed by stipulation, which was approved by the court, that Government Employees enter the district court action as an intervening defendant so that the issue of the applicabilty of the Federal Tort Claims Act would be resolved in one action.

The United States of America has moved for summary judgment claiming that the Federal Tort Claims Act is inapplicable. The intervening defendant Government Employees opposes this motion and has filed a motion for summary judgment of its own claiming that it has no liability because of the applicability of the Federal Tort Claims Act and the above-quoted exclusion (k) contained in its policy. The intervention of Government Employees being a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure, this court has ancillary jurisdiction over the intervening defendant's claim irrespective of the fact that, standing alone, it does not satisfy the jurisdictional requirements of this court.

Under 28 U.S.C. § 1346(b), the United States is liable for the negligent act of an employee if caused by the employee " \* \* \* while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of

the place where the act or omission occurred." Thus the issue before this court is delineated; i. e., if Neely was at the time of the accident "acting within the scope of his employment" and therefore covered by the Federal Tort Claims Act, the motion of the United States for summary judgment must be denied and Government Employees must be dismissed from the action based on its unambiguous exclusion from coverage of anyone covered under the Federal Tort Claims Act. On the other hand, if it is determined that Neely was not "acting within the scope of his employment" and therefore was not covered by the Federal Tort Claims Act, then the United States must be granted summary judgment as a matter of law and Government Employee's motion for summary judgment must be denied because of the inapplicability of exclusion (k). Thus the determinative issue in this case is whether James Neely was acting in the scope of his employment at the time of the accident.

■ The phrase "[while] acting within the scope of his office or employment" insofar as it applies to the military or naval forces of the United States means "acting in line of duty." 28 U.S.C. § 2671. However, the words "line of duty" go no further than to invoke the state law of respondeat superior with respect to tort claims arising out of the alleged wrongful acts of military personnel. Calvary v. United States, 355 F. Supp. 805 (W.D.Tenn.1973); Kimball v. United States, 262 F.Supp. 509 (D. N.J.1967). The unique overall control which the military service has over its members does not expand the legal doctrine of respondeat superior beyond the scope of employment as applicable state law for determining the liability of private employers. Bissell v. McElligott, 369 F.2d 115 (8th Cir. 1966), cert. denied 387 U.S. 917, 87 S.Ct. 2029, 18 L.Ed.2d 969 (1966). United States v. Campbell, 172 F.2d 500 (5 Cir. 1949).

■ Therefore, in determining whether the serviceman here was acting "within the scope of his office or employment,"

this court must apply the state law of respondeat superior. Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); 28 U.S.C. § 1346(b). The task of the federal courts in determining the state's concept of respondeat superior is made difficult when military personnel are involved. While the state law is to be applied, there can never be state cases exactly in point because of the lack of state precedents covering military situations which are unique compared to any civilian counterpart. Kimball v. United States, supra; Courtright v. Pittman, 264 F.Supp. 114 (D.Colo. 1967). Any cases involving the scope of employment of military personnel must be brought in federal court pursuant to the exclusive jurisdiction of the federal courts with respect to actions brought under 28 U.S.C. § 1346(b).

■ The accident involved here occurred in Zion, Illinois, and thus the Illinois law of respondeat superior is determinative of the scope of employment issue under 28 U.S.C. § 1346(b). The facts pertinent to the scope of employment issue are as follows. James Neely received orders on November 29, 1971, informing him of his permanent change of station to the U.S.S. Kitty Hawk at San Diego, California. The orders included 30 days' leave time, 7 days' travel time, and 4 days' proceed time to accomplish this change of station. The orders did not require Neely to report to his new station until January 9, 1972. Neely's orders authorized him to use his own vehicle which was identified in the orders. Finally, the orders provided for travel pay.

At the time of the accident, Neely was traveling with his family in his privately-owned automobile from his home in Zion, Illinois, to San Diego, California. Subsequent to the accident, Neely reported aboard the U.S.S. Kitty Hawk on January 9, 1972, after he had used his full allotted leave time.

The United States, in support of its motion to dismiss and the inapplicability of the Federal Tort Claims Act, relies on Cobb v. United States, 247 F.Supp. 505

(N.D.Ill.1965), aff'd Cobb v. Kumm, 367 F.2d 132 (7th Cir. 1966). In *Cobb*, an Army Pfc., while on the last day of a 15-day leave, was involved in a collision with the plaintiff when the serviceman allegedly ran a stoplight. At the time of the accident, Pfc. Kumm was en route from Denver to Chicago pursuant to permanent change of station orders. He was driving his own car with a military allowance for gasoline and rations. The court of appeals, in affirming the district court's decision, held that under the Illinois law of respondeat superior, the United States is not liable for the negligent acts of military personnel when it occurs while a member of the military is on leave pursuant to change of station orders. The Seventh Circuit, in *Cobb*, stated:

> " * * * Since he was on his way to report, the employer-employee relationship was not in existence when the injury occurred. The United States was unconcerned as to how the employee reached the employment post, and had no control over the means or course of his travel. * * * There was no convenience to the United States whatever mode of travel he used, but only his convenience. He was on leave, on his own time, and until he reported to his Chicago post the United States was not responsible for his negligence." 367 F.2d at 134.

Government Employees argue that the *Cobb* case is factually inapplicable. They contend that the orders, in specifying Neely's private automobile as "authorized," controlled Mr. Neely's mode of transportation and, therefore, Neely was not free from the control of the military. While Mr. Neely was "authorized" by his orders to use his private automobile and no other mode of transportation was "authorized," no evidence is presented to the court indicating that such authorization to use his private automobile precluded Neely's utilization of any other mode of transportation. There is nothing before this court to suggest that Neely was specifically ordered to employ no other means to reach his new station.

Additionally, the intervening defendant contends that Neely, unlike Pfc. Kumm, was not on leave time but rather was on travel time. I find Government Employees' attempted distinction between travel time and leave time insignificant with respect to the issue of the scope of employment of the serviceman. The "travel" and "proceed" time was granted to Neely so that the time required to effect the change of stations would not be charged against his leave time. Thus, the travel and proceed time was allotted for Neely's own benefit and did not inure to the benefit of the Navy.

This was not a point-to-point transfer with an estimated time between points measured out with orders to proceed forthwith. Rather it was a transfer coupled with leave in which Neely had sufficient time to pursue his own pleasures. Neely was not under compulsive direct travel orders but rather was given a total of 41 days to proceed at his own pace. Upon the issuance of the orders for permanent change of station, Neely was no longer stationed in Zion, Illinois. The Navy was not genuinely interested in his activities for some 41 days, during which time he could use the allotted time as he pleased. The only substantive requirement the orders imposed on Neely's conduct was that he report to his new station by January 9, 1972. Neely did, in fact, use his entire allotted 41 days prior to reporting to his new station. From the date he received his orders until he was required to report, Neely was a free agent acting for his own benefit. He was free to proceed to any destination he chose. The Government had no control over the timing of the journey, and he was under no compulsion to set out for his new station when he did. The Government had no control over the direction or route which he chose. The mere fact that he was driving in the direction for his new station and intended to travel to San Diego should not color the fact that he was under no obligation to travel in that direction or at that time.

Therefore, under Cobb v. Kumm, supra, and the Illinois law of respondeat superior, a serviceman, whenever leave en route has been granted, is not within the scope of his employment during the period within which he leaves one permanent duty station and reports to another. In between his status is to be considered as a private person on leave or vacation. Traveling between stations under these circumstances is merely "during employment" and not "within the scope of employment" as required by the Federal Tort Claims Act. Therefore, because Neely was not acting "within the scope of his employment" at the time of the accident, he was not covered under the Federal Tort Claims Act.

Therefore, for the reasons herein set forth,

It is therefore ordered that the motion for summary judgment of the United States be and it hereby is granted.

It is further ordered that the motion for summary judgment of the intervening defendant Government Employees Insurance Company be and it hereby is denied.