REUBEN STENZLER, Respondent, v. THE STANDARD GAS
LIGHT COMPANY OF THE CITY OF NEW YORK, Appellant.

First Department, November 9, 1917.

**Motor vehicles — negligence — injury by motor truck when used
by employees for social outing — owner not liable.**

Where a corporation loaned the use of its motor truck to a social organi-
zation of its employees to be used to carry them to and from a picnic
which the employees had organized, and the person driving the truck,
who was one of the employees, while returning members of the party
to their homes on his way to the garage, collided with a vehicle driven
by the plaintiff, the defendant is not liable for damages as a matter of
law, as the truck at the time was not being used in the business of the
employer. And this is true although the defendant's superintendent
told the driver of the truck to take members of the party to their homes.

An owner's liability for damages received from his car can be based only
upon proof that the car was at the time being used in the owner's busi-
ness, or upon proof that the one in charge of the car was at the time
engaged in the business of the owner.

PAGE, J., dissented.

APPEAL by the defendant, The Standard Gas Light Company
of the City of New York, from a judgment of the Supreme
Court in favor of the plaintiff entered in the office of the
clerk of the county of New York on the 20th day of February,
1917, upon the verdict of a jury for $1,200, and also from an
order entered in said clerk's office on the 14th day of March,
1917, denying defendant's motion for a new trial made upon
the minutes.

*C. B. Garver*, for the appellant.

*Jacob Zelenko*, for the respondent.

SMITH, J.:

This action is brought to recover for damages sustained by
the plaintiff on account of a collision between his wagon and
an automobile truck owned by defendant and driven by one
McBride, who was employed by the defendant. Upon this
appeal no question is raised as to the negligent operation of
the truck at the time of the collision. It appears that a certain

social organization called " The Gas Companies' Employees' Mutual Aid Society of New York," which was composed of employees both of the defendant and of other gas companies of the city, had an outing upon the day of the accident at College Point, L. I. Each year this society had the privilege of using a car of the defendant, or, in the language of one Kelly, defendant's superintendent, the company " loaned " a car for the day to its employees or to their association. This truck was without seats for passengers, but was fitted out for the picnic with seats by defendant's employees with the consent of Kelly. These seats were made of lumber belonging to the company, and the truck was decorated with flags. Kelly first testified that on the return from the outing he left the truck at the bridge at Fifty-ninth street, at about nine P. M. and told McBride to take it to the garage at One Hundred and Tenth street and First avenue; that there were then two employees of defendant on the car who lived in The Bronx, and that he told McBride he might take them home. Later Kelly testified that these two employees were not to be taken to their homes in The Bronx, but were merely to ride on the car to the garage. It appears that McBride went to his own home with the truck and there picked up a party of five of his friends, and that at the time of the accident, at about eleven-thirty P. M., although it occurred at a place apparently on the way to the garage, no employee of the defendant other than himself was on the truck.

After the charge to the jury the court at the request of the defendant's counsel further charged " that if the car had been loaned to the society, the direction of Superintendent Kelly to take two men home, if he did give such direction, does not make the defendant liable for the acts of the chauffeur at the time of the accident." The court also charged that it was a question for the jury whether " holding the picnic of the society and going to and from thereto was not the business of the defendant." Both charges were duly excepted to, the former by counsel for the plaintiff and the latter by counsel for the defendant. The jury, in finding for the plaintiff, accordingly must have found that this employees' picnic and going to and from it was the business of the defendant. This finding is now challenged by the appellant as unsupported

by any evidence whatever, claiming that upon the uncontradicted facts in the case the judgment should have been for the defendant as matter of law. This challenge, we think, is well made.

The evidence of defendant's superintendent, Kelly, was that this truck was " loaned " each year to the society; that each year they had the " privilege " of using a car. Certainly if at the time of the accident this car had been driven by one not an employee of the defendant and not subject to any orders of the defendant, the mere ownership of the car by the defendant would not make it liable. An owner's liability for damages received from his car can be based only upon proof that the car was at the time being used in the owner's business, or, to state the rule differently, that the one in charge of the car was at the time engaged in the business of the owner. (See *Reilly* v. *Connable*, 214 N. Y. 586; *Bogorad* v. *Dix*, 176 App. Div. 774.) If a car and chauffeur are temporarily engaged in a special occupation, such occupation may or may not be the owner's and employer's business. In determining this question of fact it is important to know whether the initiative of the special occupation is taken by the owner or by others. The expressions " loan " of a car and the extending of the " privilege " of using the car indicate that the initiative here came not from the defendant but from the society holding the outing. Therefore, if this chauffeur was privileged rather than ordered to take this car to the outing, which is all that the record discloses, there is no evidence whatever in the case upon which to base a finding that the business of the company was being carried on at such time.

The respondent claims that the defendant was so interested in the good health and spirits of its employees that this outing may be said to have been a part of its business. But such an argument would practically abrogate the existing law on this subject in this State. An owner who gratuitously loans his car to a servant or even to a member of his own family for such person's own particular pleasure, presumably is interested in the pleasure and, inferentially, in the good health and spirits of such other person. And yet it cannot be doubted that such particular pleasure is not thereby made the employer's business in any legitimate sense of the words.

The test of the employer's liability is such employer's business as distinguished from the employee's business or pleasure in using the car.

Nor do we think that the direction of the superintendent, if given, to the chauffeur to take two members of the party to their homes in The Bronx, was any resumption of the use of the car in the business of the defendant. In this we agree with the trial court. The car had been loaned to the association, of which both Kelly and the chauffeur were members, in a matter outside of the business of the defendant. The taking of these passengers to The Bronx was a continuation of the purposes for which the car was loaned to the association, and it cannot be said that the order of Kelly changed that purpose and made the act of the chauffeur the act of the defendant as an act done in the business of the defendant.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

The finding that at the time of the accident the chauffeur was engaged in the business of the defendant is reversed.

SCOTT, LAUGHLIN and DAVIS, JJ., concurred; PAGE, J., dissented.

Judgment and order reversed, with costs, and complaint dismissed, with costs.