HELENA S. MARKIW *v.* FLORENCE FITZGERALD ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6512-6961

Argued June 6, 1967—decided February 9, 1968

*Herbert Hannabury,* of Rockville, for the appellant (defendant Albert Satryb).

*David C. Rappe,* of Hartford, for the appellee (plaintiff).

WISE, J. This action was brought to recover for damage to the plaintiff's automobile caused by the negligence of the defendant Fitzgerald in the operation of an automobile registered in the name of and owned by the defendant Satryb. The court rendered judgment against both defendants for the plaintiff to recover damages, and from the judgment the defendant Satryb, only, has appealed.

On January 28, 1965, Mrs. Fitzgerald was operating an automobile registered in the name of and owned by Satryb. A collision occurred on that day, damaging the plaintiff's automobile. Prior to trial, it was stipulated by counsel for the parties as to the amount of damage to the plaintiff's automobile and that the damage was caused by the negligence of Mrs. Fitzgerald. Some three months prior to the accident, in October, 1964, both Satryb and Mrs. Fitzgerald were living in Rockville, Connecticut. Mrs. Fitzgerald was living apart from her husband and was friendly with Satryb. At that time, in October, 1964, Satryb bought the car in question

and had it registered in his name. He paid the full purchase price. At that time, Mrs. Fitzgerald needed a car for her transportation to work at Middlesex Hospital in Middletown, Connecticut, and could not afford to buy one for herself. About this time, she moved from Rockville to Middlefield, Connecticut, where she was living at the time of the accident. At all times from the date of the purchase of the car to the date of the accident, Mrs. Fitzgerald had the use, custody, control and maintenance of the car. One week prior to the accident, while she was operating the car, it broke down in Hartford, and she left it in Hartford for one week, returning to Middlefield without it. On the day of the accident, she returned to Hartford, had the car repaired and decided to visit Satryb in Rockville because she had the day off. On the day of the accident, Satryb was convalescing from injuries he had received in a fall a month earlier. Satryb had not seen Mrs. Fitzgerald for two months and did not know that she was coming to visit him, although she had visited him on occasion in the past, using the automobile registered in his name for transportation to his home.

The sole question presented relates to the effect of § 52-183 of the General Statutes, which expressly creates a rebuttable presumption of agency based on ownership of an automobile.[1] *Skut* v. *Boardman,* 137 Conn 675, 678; *Koops* v. *Gregg,* 130 Conn. 185, 187; *Leitzes* v. *F. L. Caulkins Auto Co.,* 123 Conn. 459, 462; see *O'Dea* v. *Amodeo,* 118 Conn. 58, 64.

---

[1] "Sec. 52-183. PRESUMPTION OF AGENCY IN MOTOR VEHICLE OPERATION. In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of such motor vehicle, the operator, if he is other than the owner of such motor vehicle, shall be presumed to be the agent and servant of the owner of such motor vehicle and operating the same in the course of his employment, and the defendant shall have the burden of rebutting such presumption."

Put in other words, the issue is: Did the court err in concluding that Mrs. Fitzgerald was the agent of Satryb and that the statutory presumption of agency had not been rebutted?

"[T]he presumption created by the statute in question is of the class of presumptions created by law for the reason that the knowledge of the actual facts of the matter presumed rests peculiarly with the party against whom the presumption is raised. The statute creates the presumption that the operator of a car is the agent of the owner and places the burden of rebutting the presumption on the owner. That burden is restricted to rebutting the presumption, but it is not met merely by introducing countervailing testimony. It is only met when the trier finds proven facts which fairly put in issue the question of agency. When such facts have been proven, the burden of proving that the motor vehicle was operated by an agent of the defendant rests upon the plaintiff." *Skut* v. *Boardman,* supra, 678; *Scalora* v. *Shaughnessy,* 151 Conn. 252, 257.

While it appears without dispute that Satryb was the owner of the car driven by Mrs. Fitzgerald, the trial court found as a fact that "at all times from the purchase of the car to the date of the accident the defendant Fitzgerald had the use, custody, control and maintenance of the car." The plaintiff lays great stress on the finding of the trial court that "the defendant Fitzgerald at this time was a married woman living apart from her husband, and was friendly with the defendant Satryb" and reasons therefrom that the logical conclusion is that because of this friendship Satryb wanted Mrs. Fitzgerald to have the convenience of a car to visit him. The finding, even if such a contention be considered, would not be sufficient to establish that she was Satryb's agent. It is important to point out that the

trial court merely found that the parties were friendly. There was no finding that the automobile was purchased for the express purpose of providing a means of transportation to Mrs. Fitzgerald for visiting Satryb. On the contrary, the trial court found that Mrs. Fitzgerald had had difficulties with the motor vehicle department with reference to financial responsibility in the past.

The plaintiff's contention that the interests of Satryb were promoted because he and Mrs. Fitzgerald were friendly, and therefore Mrs. Fitzgerald was his agent, citing *Ackerson* v. *Jennings Co.*, 107 Conn. 393, is without merit. That case is distinguishable as to the facts and the law from the instant case. It was held in *Whiteman* v. *Al's Tire & Service Garage, Inc.*, 115 Conn. 379, 383, that the fact that the manager of the company was actuated to lend a car to an employee in the belief that the employee's spirit toward the company would be improved and he would be more willing to work overtime if required did not make the business in which the employee was engaged at the time of the accident the employer's business. "[W]henever an automobile is loaned by one person to be used by another, it is reasonable to suppose that the person loaning the same expects that the favor will be appreciated . . . ." Ibid. " 'The mere fact that the master's business is to be remotely promoted by the use, is not enough to make the master liable.' " *Amento* v. *Mortensen*, 130 Conn. 682, 686. Mrs. Fitzgerald was not Satryb's agent merely because they were friends.

In the instant case, all of the evidence Satryb claimed to have proved was found by the trial court. There was no question of credibility. With those facts in the case, the question of agency was put in issue and the burden of proving that the automobile was operated by an agent of Satryb was on the

plaintiff. The plaintiff offered no testimony but relied on the statutory presumption of agency. There was no evidence tending to show that Mrs. Fitzgerald was acting as the agent of Satryb. The fact that the accident occurred while she was on her way to visit Satryb does not establish agency. Under the undisputed facts, we conclude that the trial court erred in determining that Mrs. Fitzgerald was acting as the agent of Satryb. The statute does not establish that the operator of the car is an agent of the owner, acting within the scope of his employment, but only creates a presumption capable of rebuttal. *Koops* v. *Gregg,* 130 Conn. 185, 188, 192.

Satryb also claims that the court erred in making, in the memorandum of decision, an incorrect statement of law which resulted in the erroneous conclusion of the court. In the memorandum of decision, the court stated: "If an automobile owner entrusts the vehicle to another, the owner is legally liable for the torts committed by the one to whom the car was entrusted." The memorandum of decision cannot take the place of a finding. *Tuite* v. *Tuite,* 150 Conn. 345, 346; *Gitlitz* v. *Davis,* 146 Conn. 280, 281; Maltbie, Conn. App. Proc. § 152, p. 188. The memorandum of decision may be consulted. If any conclusions stated in the memorandum of decision are at variance with those stated in the finding, the latter will prevail. *Levine* v. *Randolph Corporation,* 150 Conn. 232, 243; *Horton* v. *Vickers,* 142 Conn. 105, 112; Maltbie, op. cit. §§ 152, 165. Section 52-183 does not impose absolute responsibility on an owner of an automobile when he permits its use by another. It only creates a presumption of agency capable of rebuttal. To impose absolute liability would be a matter for consideration by the legislature. In enacting § 52-183, the legislature has not gone that far.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion DEARINGTON and KINMONTH, Js., concurred.

