[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Defendants, William and Rebecca Ackerman have moved for summary judgment in this personal injury and wrongful death action. The Ackermans claim that they did not give co-defendant Peter F. Koulouris permission to operate their motor vehicle at the time it was involved in the accident giving rise to this lawsuit.
The plaintiff Debra Delvalle, serving as administratrix of Ernesto Delvalle who died from an accident involving a motor vehicle driven by defendant Koulouris, alleges in her complaint that Koulouris was operating the Ackerman's car with permission as their agent or under the family far doctrine. The Ackermans, in response, filed a Motion for Summary Judgment asserting that Koulouris was not their agent, nor was he their relative, nor did they give Koulouris permission to operate their car.
Summary judgment shall be granted if the "pleadings, affidavits, and other proof submitted shows that there is no genuine issue as to any material fact" and the movant is entitled to judgment as a matter of law. Practice Book 384.
Both the agency and family car doctrines create a presumption that a person operating the automobile is operating it with the permission of the owner either in the course of employment or as a member of the family living in the same household. Conn. Gen. Stat. 52-182 and 52-183.
The test for whether summary judgment should be granted CT Page 4277 is whether a party would be entitled to a directed verdict on the same facts. United Oil Co. v. Urban Development Commission, 158 Conn. 364, 380, 260 A.2d 596 (1969); Batick v. Seymour, 186 Conn. 632, 645-46, 443 A.2d 471 (1982).
In support of the Motion for Summary Judgment the defendants Ackerman have provided an affidavit in which William Ackerman states that Peter Koulouris did not have permission to drive Ackerman's vehicle on the night of the accident, Peter Koulouris' response to a Request for Admission in which he states he did not have permission to drive the Ackerman's vehicle and a Police Report which reflects that Koulouris gave a statement to the police that Lorin Ackerman was his girlfriend at the time of the accident and that he took the Ackerman vehicle on the night of the accident "without him knowing."
The plaintiff argues that summary judgment should not be granted, even in the face of the rather overwhelming evidence that Koulouris did not have permission to use the Ackerman's vehicle and the lack of evidence that Koulouris did have permission to use the vehicle because she claims that she has a right to have a jury determine the issue of Koulouris' permission to use the vehicle and that the jury may not believe that Koulouris did not have permission to use the vehicle.
It is a general rule that party opposing a summary judgment motion must present some competent evidence showing the existence of a genuine issue of material fact. Kasowitz v. Mutual Construction Co., 154 Conn. 607, 613, 228 A.2d 149
(1967). The plaintiff has failed to present any evidence of the existence of an issue of material fact. However, the agency statute, 52-183 of the Connecticut General Statutes, precludes the granting of a summary judgment, or a directed verdict in favor of the defendant based on the plaintiff's failure to establish agency. Bogart v. Tucker, 164 Conn. 277,320 A.2d 803 (1973).
In Bogart the defendant, Tucker, alleged that a co-defendant had stolen her car and, therefore, did not have permission to operate her car which was involved in an automobile accident causing personal injuries. At trial Tucker presented her testimony that she did not give the co-defendant permission to use her vehicle. She also presented evidence that the co-defendant had told police that he had stolen CT Page 4278 Tucker's vehicle. The jury returned a verdict for the plaintiff. The court denied the defendant's motion for directed verdict. That denial was upheld by the Supreme Court. The court stated:
 [The] so-called agency statute, 52-183, generally precludes the direction of a verdict for the defendant on the basis of the plaintiff's failure to establish agency. Mitchell v. Resto, 157 Conn. 258, 264, 253 A.2d 25. The statute creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner. Since the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. 164 at 281-282.
The court went on to state that even in the absence of any evidence as to any agency relationship between Tucker and the co-defendant, a directed verdict could not have been granted by the court because the jury was free to disbelieve the defendant's evidence and the statutory presumption precluded the direction of a verdict.
Under United Oil Co., supra, the court cannot grant a summary judgment in a case such as the present one, where it could not grant a directed verdict on the same facts.
For the foregoing reasons, the Motion for Summary Judgment is denied.
By the Court
Aurigemma, J.