[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a personal injury action brought by Alanna Mellott a passenger in a motor vehicle involved in a collision in East Hartford with another motor vehicle operated by defendant Natan Stempler. Named as co-defendants are Ford Credit, as lessor, and Rockwell Associates a California partnership, and its general partner, Joel Schneider, as lessee of the second motor vehicle. The complaint alleges that Stempler was the agent or employee of Rockwood and was operating their motor vehicle within the scope of his authority. Service on Rockwell and Schneider were made on their designated agent for service in Connecticut.
Rockwood and Schneider move to dismiss this action as against them based on an affidavit filed by Stempler which states that Stempler was not an agent or employee of Rockwood but that he was "a personal friend" of Schneider and "borrowed said vehicle for my personal use." These defendants claim that General Statutes § 52-59 (b) does not confer personal jurisdiction over their foreign partnership, where the operator was in fact not an agent or employee of the partnership.
General Statutes § 52-59 (b) states, in pertinent part, "as to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal CT Page 1234 jurisdiction over any nonresident . . . foreign partnership . . . who in person or through an agent . . . commits a tortious act within the state."
The defendants argue that merely loaning a motor vehicle to someone does not establish an agency relationship and cite two cases in support of that proposition. Mitchellv. Resto, 157 Conn. 258 (1968) and Markiw v. Fitzgerald,
5 Conn. Cir. Ct. 113 (1968). However, General Statutes §52-183 creates a rebuttable presumption that the operator of a motor vehicle is an agent of the owner. Defendants have not presented sufficient evidence to rebut the statutory presumption of agency and shift the burden of proving an agency relationship to the plaintiff. The question of whether the operator of the vehicle was the defendant's agent is an issue of fact for the jury. This view is supported rather than refuted by the cases cited by the defendants. Mitchell v. Resto, supra, 157 Conn. 258 in holding that a directed verdict for the defendant was a harmless error supports the view that existence of agency is an issue for the jury. Markiw v. Fitzgerald, supra, 5 Conn. Cir. Ct. 113 held that the presumption of agency may be rebutted if the owner introduces evidence from which the trier finds proven facts which fairly put the question of agency in issue. No claim has been made of improper or inadequate service. Since this court has personal jurisdiction over the moving defendants their motion to dismiss is denied.
Jerry Wagner Trial Judge Referee