[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON MOTION FOR SUMMARY JUDGMENT
Preliminary Statement
In this personal injury action, the plaintiffs, Francis Curran, Louis Repko and Barry Rickert, alleged that they were injured in a motor vehicle collision between a vehicle operated by Curran and a tractor-trailer operated by defendant, Scott Duncan ("Duncan") on Route 34 in Monroe, Connecticut. The collision occurred on October 24, 1996. The plaintiffs claim that Duncan's negligence in the operation of the tractor-trailer caused the collision and their injuries. The plaintiffs[1] claims against the other defendants are based on allegations that defendant, Paul Arpin Van Lines, Inc. ("Paul Arpin") owned the tractor, that defendant, Genesee Ford Truck Sales ("Genesee") owned the trailer, and that defendant, One Source Logistics of New York, Inc. ("One Source") was the carrier company using the CT Page 12980 tractor-trailer and was the employer of Duncan. Plaintiffs claim that each of these defendants is liable on the theory of respondeatsuperior.
Paul Arpin has moved for summary judgment dismissing the complaint. Paul Arpin claims that the only theory of liability pleaded against it is based on the allegations that the driver of the tractor-trailer (the tractor component of which was admittedly owned by Paul Arpin) was Paul Arpin's agent. Paul Arpin argues that the material undisputed facts show that Duncan was not its agent and therefore the complaint as to it should be dismissed.
The plaintiffs have filed an objection to the motion supported by a memorandum of law but no affidavits or other evidentiary material. The plaintiffs have not asserted any request, pursuant to Practice Book §17-47, that additional information or discovery is needed.
Summary judgment is an appropriate remedy when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. The procedure of summary judgment is designed to expedite a litigation proceeding and eliminate delay and expense where there is no real issue to be tried. SeeWilson v. New Haven, 213 Conn. 277 (1989). Both the moving party and the party in opposition may rely on pleadings, affidavits and discovery materials, and the moving party shall, and the opposing party may, file appropriate memoranda of law. See Practice Book §§ 11-19, 17-45 and 17-46. The party seeking summary judgment has the burden of showing that no issue of material fact exists, and the party opposing the motion must substantiate its claim that a material fact issue exists. See HomeInsurance Co. v. Aetna Life Casualty, 235 Conn. 185 (1995).
Legal Discussion and Analysis
The legal issue presented in the parties' memoranda is whether the statutory presumption of an agency relationship between the owner and operator of a motor vehicle contained in General Statutes § 52-183 may be rebutted on a motion for summary judgment. General Statutes § 52-183
reads as follows:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have CT Page 12981 the burden of rebutting the presumption.
The analysis must begin with the thoughtful and comprehensive opinion of Chief Justice Maltbie in O'Dea v. Amodeo, 118 Conn. 58 (1934). In that decision, the Connecticut Supreme Court described and delineated various types of presumptions and their different effects. Focusing on the so-called statutory "family car doctrine" now found at General Statutes § 52-182, and discussing the presumption included therein, the Court concluded that where information involving an issue was particularly within the knowledge of one person, a presumption would require placing the burden on that party not only to produce countervailing evidence but of proving the validity of that evidence. Id., 63. Thus, unless it were proven otherwise, the presumption was not rebutted, and if evidence was presented to rebut the presumption but such evidence was not believed, then the presumption would prevail even if the plaintiff presented no evidence in support of the presumption. Id., 66. O'Dea involved appellate review of a trial in which the defendant had produced evidence to rebut the family car presumption and the jury, apparently disbelieving the evidence, found in favor of the plaintiff. The trial judge had set the verdict aside, but the Supreme Court remanded the case with directions to reinstate the verdict.
Slightly over a decade later, the Supreme Court applied the O'Dea
construction to the statutory presumption of agency contained in the predecessor to General Statutes § 52-183, and Chief Justice Maltbie, again writing for the Court, added the proviso that the presumption did not place on the defendant the burden to plead and prove the non-existence of an agency relationship. See Koops v. Gregg, 130 Conn. 185,188 (1943). Subsequently, the Court in Mitchell v. Resto, 157 Conn. 258
(1968), affirmed a trial court's direction of a verdict in favor of a defendant because the plaintiff failed to establish an agency relationship. The plaintiff relied on the presumption of agency contained in General Statutes § 52-183. While noting that the agency presumption "would ordinarily preclude the direction of a verdict for the defendant," the Court found no error in the directed verdict because any evidence the plaintiff had would not be sufficient to prove agency. Id., 264.
In Bogart v. Tucker, 164 Conn. 277 (1973), the Supreme Court summed up the preceding chain of cases as follows:
 At the outset, we note that our so-called agency statute, 52-183, . . . generally precludes the direction of a verdict for the defendant on the basis of the plaintiffs failure to establish agency. Mitchell v. Resto, 157 Conn. 258, 264, 253 A.2d 25. CT Page 12982 The statute creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner. Since the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. Indeed, as Chief Justice Maltbie noted in Koops v. Gregg, 130 Conn. 185, 187, 32 A.2d 653, the statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, "[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . ., was operated by an agent of the owner . . ., then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." Id., 188.
 Clearly, the only basis on which the defendant Tucker could succeed in her effort to secure a directed verdict, that is, to remove the issue from the jury's consideration, would involve rebuttal evidence of such a nature that it could not rationally be disbelieved. The defendant's rebuttal evidence consisted of the testimony of an interested party (the defendant Tucker) in, which she claimed she never gave Vincent permission to operate her car, of an impeached witness (the defendant Vincent), and of the police officer to whom Vincent gave the statements discussed in Part I above. It is the function and exclusive province of the jury to pass on the credibility of witnesses. Rood v. Russo, 161 Conn. 1, 3, 283 A.2d 220; Henry v. Bacon, 143 Conn. 648, 651, 124 A.2d 913. In effect, the defendant asks this court to substitute its own judgment concerning the credibility of witnesses for that of the jury, which saw and heard the witnesses testify. This court has never arrogated CT Page 12983 to itself such a power.
 There is a plain and simple answer, therefore, to the defendant Tucker's question as stated in her brief: "In the absence of any evidence as to an agency relationship between the defendant, Janet Tucker, and the defendant, William Vincent, and the testimony under oath of both parties as to the absence of such a relationship, can the jury find that such an agency relationship did exist?" Because thejury were at liberty to disbelieve the defendant's testimony, and further because the evidence was such that the statutory presumption would preclude the direction of a verdict against the plaintiff, the jury's verdict as to the defendant Tucker must stand.
Bogart v. Tucker, supra, 281-83.
The above cases explicating the role and weight of the § 52-183
presumption all involved appellate review after trial. However, the issue presented in this case which has been appropriately described as whether the "tension between the presumption and defense evidence contravening it is appropriately . . ., resolved via summary judgment;" Doonan v. Clark,
Superior Court, Docket No. CV95 0148729 judicial district of Stamford/Norwalk (October 21, 1997) (Nadeau, J.); has not, to the best of the Court's knowledge, been addressed by an appellate court in Connecticut, and the Superior Court decisions are not uniform.
For instance, at least four decisions have concluded that the existence of the presumption precludes the grant of summary judgment in favor of a vehicle owner. See Masse v. Jonah, 27 Conn. Sup. 206 (1967) (owner's affidavit insufficient to prove facts stated, therefore, presumption not rebutted); Laydon v. Agency Rent-A-Car, Docket Nos. CV92-024200, CV92-0212 16, judicial district of New Haven (November 17, 1994) (Silbert, J.) (strong probability that there was no agency not sufficient to find there was no fact in dispute); Torres v. Dellagheif, Docket No. 125808, judicial district of Waterbury (March 10, 1996) (Pellegrino, J.) (mere offer of affidavit rebutting presumption does nothing more than create an issue of fact); Doonan v. Clark, supra (relying on Laydon andTorres). On the other hand, several decisions have concluded otherwiseSee e.g., Hannah v. Buick, Docket No. CV98 0548002, judicial district of New London (May 14, 1999) (Mihalakos, J.) (detailed affidavit and documents sufficient to shift burden back to plaintiff; summary judgment for vehicle owner granted); Palmer v. Enterprise, Docket No. 154434, judicial district of Stamford/Norwalk (April 16, 1997) (D'Andrea, J.) (evidence that plaintiff was not an authorized driver and not an CT Page 12984 employee, agent or servant of defendant sufficient to defeat presumption and support summary judgment); Bevel v. Annetta, Docket No. CV97 0344223, judicial district of Fairfield (February 3, 1998) (Skolnick, J.) (substantially similar to Bevel).
In support of its motion, Paul Arpin has submitted the affidavit of Steven Sweet, its Director of Safety, along with documentary exhibits. Those documents show that in 1995, over a year before the accident, Paul Arpin transferred possession of the tractor involved in the accident to an entity known as Rochester Moving Systems ("Rochester") pursuant to a conditional sale agreement contained in an equipment contract and a carrier's agency agreement between Rochester and Paul Arpin. Title to the tractor remained with Paul Arpin throughout 1996, including the date of the accident. Pursuant to the equipment contract and carrier's agency agreement, Rochester agreed to act as an agent for Paul Arpin in connection with the interstate transportation of household goods and undertook to use the tractor only for the conduct of its regular business. Rochester also agreed that only a duly licensed and Paul Arpin Van Line qualified driver could operate the tractor.
According to the affidavit of Sweet, Paul Arpin has never approved Duncan as a driver (indeed, does not even know who he is) has never done business with One Source, and never consented to any transfer of rights and obligations under the carrier agency agreement or equipment contact. In short, Sweet's affidavit states that the tractor was not being operated on October 24, 1996 under any authority granted by Paul Arpin, and Paul Arpin never learned of the accident until fifteen months later when it was served with the complaint in this action.
Paul Arpin also points out that in their answer, both Duncan and One Source specifically denied that Duncan at the time of the accident was operating the tractor as Paul Arpin's agent or as a permission user. Additionally, Paul Arpin served requests for admissions on Duncan and One Source. None of these requests were responded to. Pursuant to Practice Book §§ 13-23 and 13-24, therefore, Duncan and One Source are deemed to have admitted, among other things, the following. At the time of the accident: (1) neither was carrying out any business of Paul Arpin (Request for Admission ¶ 21); (2) neither had a contract with Paul Arpin (Request, ¶ 32); and (3) Duncan obtained the vehicle without the express or implied permission of Paul Arpin (Request, ¶ 36).
From the above recital of the evidence submitted by Paul Arpin, it is obvious that much more than a simple denial of an agency relationship has been produced. In support of its motion, Paul Arpin has shown contractual agreements strictly limiting the authority to use the tractor, which authority did not include use by either Duncan or the carrier One CT Page 12985 Source. Second, both Duncan's and One Source's failure to respond to requests for admission, results in admissions that neither had any relationship with Paul Arpin and were not conducting any Paul Arpin business at the time of the accident. Third, Duncan and One Source explicitly denied the allegation they were agent of Paul Arpin. Each of the above are consistent with the other and consistent with and supportive of the Sweet affidavit.
In contrast, the plaintiffs have offered no facts to support an agency relationship and rely solely on the presumption created by General Statutes § 52-183. Additionally, as noted above, plaintiffs have not argued that additional discovery is required.
In considering a motion for summary judgment, it is not the court's function to decide material facts or determine the credibility of evidence. See Nolan v. Borkowski, 206 Conn. 495 (1988). However, summary judgment is appropriate "if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751
(1995), and the proper test has often been described as whether the evidence is such as to require a directed verdict. Id., 752
A verdict may be directed when the evidence, even when viewed in the light most favorable to the party opposing the motion, can only lead to the "conclusion . . . embodied in the verdict as directed." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
This Court is aware of the language of the Supreme Court decisions cited earlier to the effect that the facts rebutting the presumption of agency must be "proven." See Bogart v. Tucker, supra, and the prohibition of deciding any facts on a motion for summary judgment. Nevertheless, when credibility is not at issue and the proof contravening the presumption is such that a jury could not find otherwise, summary judgment is appropriate. Any other conclusion would eviscerate the summary judgment procedure in these types of cases.
In this case, while the question is a close one, the Court determines that summary judgment should be granted. The different evidence presented by Paul Arpin that no agency existed may be viewed as having varying levels of reliability. The contract documents are quite probative and as such lend a level of credence to the Sweet affidavit which is not attacked. The admissions of Duncan and One Source, while not necessarily binding on the plaintiffs, are also admissions against those defendants' interests (to the effect that each was using the tractor without permission of its owner). These evidentiary items along with the specific denial of an agency relationship contained in the pleadings come from both sides of the purported agency relationship and are consistent with CT Page 12986 each other in denying the relationship. When taken as a whole, the evidence is reliable, persuasive and unchallenged and sufficient to rebut the statutory presumption contained in § 52-183. A reasonable jury could not find otherwise.
Therefore, in the absence of any other proof offered that Duncan was the agent or the permittee of Paul Arpin, the Court finds that review of the evidence in a light most favorable to the plaintiff shows no genuine issue to be tried on the issue of agency.
The motion for summary judgment is granted, and the complaint against Paul Arpin is dismissed.
Adams, J.