[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: JOHN AND GEORGIA KELLER'S MOTION FOR SUMMARY JUDGMENT
These are actions in negligence arising out of a car accident that occurred on February 16, 1998, at approximately 10:30 p.m. on Interstate 95. At the time of the accident, Mark Stoleson was operating a vehicle, allegedly owned by John and Georgia Keller, which collided with a vehicle owned and operated by Isco Davis. CT Page 3028
On the morning of February 16, 1998, the Kellers had their son drop off the vehicle for repairs at J M Auto Body, where Stoleson was an employee. After closing hours and after he had punched out, Stoleson drove the Keller's car to a friend's house. Stoleson and his friend consumed alcohol at the friend's house and Stoleson then drove them to the Red Arrow Café where they drank some more. The accident occurred when Stoleson and his friend left the bar and Stoleson began driving the vehicle in search of something to eat. Stoleson's blood alcohol level was tested at 202 mg/dl of ethyl alcohol after the accident.
The Kellers have now moved for summary judgment on the grounds that there is no genuine issue of material fact that they are not liable for the accident that occurred while Stoleson was driving the vehicle. Additionally, Georgia Keller contends that she did not own the vehicle driven by Stoleson. The parties opposing summary judgment argue that summary judgment is not appropriate in a case where there is a presumption of agency between the owner and operator of a car pursuant toConn. Gen. Stat. § 52-183.
Summary judgment is an appropriate remedy when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. The procedure of summary judgment is designed to expedite a litigation proceeding and eliminate delay and expense where there is no real issue to be tried. SeeWilson v. New Haven, 213 Conn. 277 (1989). Both the moving party and the party in opposition may rely on pleadings, affidavits and discovery materials, and the moving party shall, and the opposing party may, file appropriate memoranda of law. See Practice Book §§ 11-19, 17-45 and 17-46. The party seeking summary judgment has the burden of showing that no issue of material fact exists, and the party opposing the motion must substantiate its claim that a material fact issue exists. See HomeInsurance Co. v. Aetna Life Casualty, 235 Conn. 185 (1995).
The legal issue presented in the parties' memoranda is whether the statutory presumption of an agency relationship between the owner and operator of a motor vehicle contained in Conn. Gen. Stat. § 52-183 may be rebutted on a motion for summary judgment. Conn. Gen. Stat. § 52-183
reads as follows:
In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant CT Page 3029 of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
In O'Dea v. Amodeo, 118 Conn. 58 (1934) the Connecticut Supreme Court discussed various types of presumptions and their different effects. Focusing on the so-called statutory "family car doctrine" now found at General Statutes § 59-182 and discussing the presumption included therein, the Court concluded that where information involving an issue was particularly within the knowledge of one person, a presumption would require placing the burden on that party not only to produce countervailing evidence but of proving the validity of that evidence. Id., 63. Thus, unless it were proven otherwise, the presumption was not rebutted, and if evidence was presented to rebut the presumption but such evidence was not believed, then the presumption would prevail even if the plaintiff presented no evidence in support of the presumption. Id. 66.
Over a decade later, the Supreme Court applied theO'Dea construction to the statutory presumption of agency contained in the predecessor to Conn. Gen. Stat. § 52-183, and Chief Justice Maltbie, again writing for the Court, added the proviso that the presumption did not place on the defendant the burden to plead and prove the non-existence of an agency relationship. SeeKoops v. Gregg, 130 Conn. 185, 188 (1943). Subsequently, the Court in Mitchell v. Resto, 157 Conn. 258
(1968), affirmed a trial court's direction of a verdict in favor of a defendant because the plaintiff failed to establish an agency relationship. The plaintiff relied on the presumption of agency contained in General Status § 52-183. While noting that the agency presumption "would ordinarily preclude the direction of a verdict for the defendant," the Court found no error in the directed verdict because any evidence the plaintiff had would not be sufficient to prove agency. Id., 264.
In Bogart v. Tucker, 164 Conn. 277 (1973), the Supreme Court summed up the preceding chain of cases as follows:
At the outset, we note that our so-called agency statute, 52-183, . . . generally precludes the CT Page 3030 direction of a verdict for the defendant on the basis of the plaintiffs failure to establish agency. Mitchell v. Resto, 157 Conn. 258, 264, 253 A.2d 25. The statute creates the presumption that the operator of a car is the agent of the owner, and it places the burden of rebutting the presumption on the owner. Since the existence and scope of permission is a matter peculiarly withinthe knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. Indeed, as Chief Justice Maltbie noted in Koops v. Gregg, 139 Conn. 185, 187, 32 A.2d 653, the statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, "(t)he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . ., was operated by an agent of the owner . . ., then rests upon the plaintiff, if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor." Id., 188.
 Clearly, the only basis on which the defendant Tucker could succeed in her effort to secure a directed verdict, that is. to remove the issue from the jury's consideration. would involve rebuttal evidence of such a nature that it could not rationally be disbelieved. . . .
Bonart v. Tucker, supra, 281-83 (emphasis added).
The issue of whether summary judgment is appropriate has not, to the best of the Court's knowledge, been addressed by an Appellate Court in Connecticut, and the Superior Court decisions are not uniform.
Several decisions have concluded that the existence of the presumption precludes the granting of summary judgment in favor of a vehicle owner. See Masse v. Jonah, 27 Conn. Sup. 206 (1967) (owner's affidavit insufficient to prove facts stated, therefore, presumption not CT Page 3031 rebutted); Laydon v. Agency Rent-A-Car, Docket Nos. CV92-024200 CV92-0212 16, judicial district of New Haven (November 17, 1994) (Silbert, J.) (strong probability that there was no agency not sufficient to find there was no fact in dispute); Torres v. Dellagheif, Docket No. 125808, judicial district of Waterbury (March 10, 1996) (Pellegrino, J.) (mere offer of affidavit rebutting presumption does nothing more than create an issue of fact); Doonan v. Clark, supra (relying on Laydon and Torres).
On the other hand, several decisions have concluded that summary judgment was appropriate despite the statutory presumption. Curran v.Duncan, 28 CLR 640 (October 25, 2000) See e.g., Hannah v. Buick, Docket No. CV98 0548002, judicial district of New London (May 14, 1999) (Mihalakos, J.) (detailed affidavit and documents sufficient to shift burden back to plaintiff, summary judgment for vehicle owner granted);Palmer v. Enterprise, Docket No. 154434, judicial district of Stamford/Norwalk (April 16, 1997) (D'Andrea, J.) (evidence that plaintiff was not an authorized driver and not an employee, agent or servant of defendant sufficient to defeat presumption and support summary judgment); Bevel v. Annetta, Docket No. CV97 0344223, judicial district of Fairfield (February 3, 1998) (Skolnick, J.).
In support of their motion, John Keller states in an affidavit that he had no knowledge that Stoleson would be driving his vehicle after working hours off of the premises and that he did not give him permission to do so. He also states that he did not give Stoleson permission to use the vehicle for a social or recreational purpose. There was no evidence submitted by the parties opposing summary judgment that contradicts that John Keller had no knowledge that Stoleson would be taking the car out after working hours for a recreational purpose (or any other purpose) and that he never gave him permission to do so.[1] It is also undisputed that Stoleson had been drinking before the accident and that his blood level was approximately twice the legal limit when he was tested after the accident.
Accordingly, the Kellers have submitted more than a simple denial of the agency relationship to rebut the presumption. They have also submitted unrefuted evidence that Stoleson was driving the vehicle without their permission after working hours and after he had punched out from his place of employment. Additionally, it is undisputed that at the time of the accident, he had just left a bar, he was intoxicated and he was driving to find some food.
In contrast, the parties opposing summary judgment have offered no facts to support an agency relationship and rely solely on the presumption created by General Statutes § 52-183. CT Page 3032
In considering a motion for summary judgment, it is not the court's function to decide material facts or determine the credibility of evidence. See Nolan v. Borkowski, 206 Conn. 495 (1988). However, summary judgment is appropriate "if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751
(1995), and the proper test has often been described as whether the evidence is such as to require a directed verdict. Id.. 752. A verdict may be directed when the evidence, even when viewed in the light most favorable to the party opposing the motion, can only lead to the "conclusion . ., embodied in the verdict as directed." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380 (1969).
This court is aware of the language of the Supreme Court decisions cited earlier to the effect that the facts rebutting the presumption of agency must be "proven." See Bogart v. Tucker, supra. Nevertheless, when credibility is not at issue and the proof contravening the presumption is such that a jury could not find otherwise, summary judgment is appropriate. In Bogart the Supreme Court explicitly recognized that there was a basis for a directed verdict when there was rebuttal evidence of such a nature that it could not rationally be disbelieved. No rational jury could disbelieve the unchallenged and overwhelming evidence that there was no agency relationship between the Kellers and Stoleson at the time of the accident. Therefore, there is no genuine issue of material fact regarding the lack of an agency relationship. In the absence of such a relationship there is no basis for holding the Kellers liable for the accident. Accordingly, the Kellers motion for summary judgment is granted.[2]
CHASE T. ROGERS SUPERIOR COURT JUDGE