[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, David Cairo (Cairo), moves for summary judgment pursuant to § 17-44 of the Connecticut Practice Book claiming there is no genuine issue as to any material fact and that as a matter of law he is entitled to judgment.
The standard applicable to granting summary judgment is the same as that applied to the granting of a directed verdict. State v. Goggin,208 Conn. 606, 616 (1988).
In support of his motion Cairo has filed an affidavit and a certified copy of a deposition of Eugene Smith, III attesting to evidentiary facts. The plaintiff filed an Objection to the Motion for Summary Judgment together with a memorandum of law but did not file a counter affidavit contravening the evidentiary facts submitted by Cairo, which are as follows.
On November 5, 1999, Cairo brought his car to a business known as Wired Car Stereo and Alarm (Wired). Cairo left his car and the keys with Jason Cyr, the manager of Wired. Wired was to do repair work on the vehicle. At that time there was nothing mechanically wrong with the car and at all relevant times the vehicle was in the exclusive possession and control of Wired. The business of Wired was to install remote starters, alarms and similar work.
Mr. Cyr gave his employee, Eugene Smith, the car keys and told him to drive the car around the back into a garage known as Brake King. The owner of Brake King permitted Wired to use his garage upon request if there was room there.
Smith drove the car into the Brake King garage to work on it and had removed the dash when he was asked to move the car in order to let a Brake King customer's car out. At that time Smith had been working on Cairo's car for thirty to forty-five minutes. CT Page 2350
In attempting to back out of the garage Smith backed through a wall into the Brake King office, injuring the plaintiff who was seated at a desk in the office.
The plaintiff brought suit against Eugene Smith, Jason Cyr, Wired, Moran Enterprises, Inc., and David Cairo, the movant for summary judgment.
The complaint alleges the negligent operator, Eugene Smith, was operating the vehicle with express or implied consent of Cairo.
Cairo, in his motion, claims he is not liable for the injuries to the plaintiff because his vehicle was in the possession of an independent contractor (Wired), that he had no control of the performance of the services and that he never spoke with Smith about driving the vehicle or how the work should be done.
The plaintiff argues that Connecticut General Statutes § 52-183,[1]
since it creates a factual presumption of agency, bars summary judgment because the statute itself creates a genuine issue of material fact which can only be refuted by evidence submitted by the defendant.
The Court does not agree, however, that § 52-183 is a bar to summary judgment, provided, of course, that the affidavits and any other proof submitted establish there is no genuine factual issue and that the movant is entitled to summary judgment as a matter of law. The burden of proving the non-existence of any material fact is on the movant.
If the undisputed facts in this case clearly show that Wired was an independent contractor, then the presumption of agency established pursuant to § 52-183 is rebutted.
The cases cited by the plaintiff, Mitchell v. Resto, 157 Conn. 258, 264
(1968), and Bogart v. Tucker, 164 Conn. 277, 281 (1973), do not turn on the issue of independent contractor. Rather, they involve factual issues of whether the drivers had permission from the owners to drive the vehicles or whether they were driving without permission. As such they are distinguishable and do not impact on the decision in this case.
The facts of this case are analogous to those in Siegel v. Howell, Superior Court, New Haven Judicial District CV98 0409394 S, Alander, J. (10-13-99) (25 Conn.L.Rptr. 484), and the Court finds the reasoning in Judge Alander's decision persuasive. In the Siegel case the defendant left his car for repairs at an automobile repair shop. An employee of the CT Page 2351 repair shop negligently operated the vehicle injuring a third party. Judge Alander, in granting summary judgment for the defendant owner, found the affidavits rebutted the presumption of Connecticut General Statutes § 52-183. He found the repair shop was an independent contractor because it had the authority to direct the work, when it should be done and how it should be done. The owner of the vehicle left his car at the garage and exercised no control over the details of the work. The factual situation in the case at hand is very similar. Cairo did not control nor could he have reasonably anticipated that Wired would remove his car off site to another place of business, if it had to be driven at all, given the nature of the work to be done.
The undisputed facts of this case establish that Wired was an independent contractor, as such the presumption of agency is rebutted.
The motion for summary judgment in favor of the defendant, David Cairo, is granted.
Klaczak, JTR